# United States Bankruptcy Court
## Western District of Oklahoma

In re: **Jason L Williams**
**Kendra G Williams**
Debtor(s)

Case No. _____
Chapter **13**

## CHAPTER 13 PLAN
☐ Check if this is an amended plan

**1. NOTICES:**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To: Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under any plan.

| | | |
|---|---|---|
| The plan contains nonstandard provisions set out in Section 10. | ☐ Yes | ☑ No |
| The plan limits the amount of a secured claim based on a valuation of the collateral in accordance with Section 5.C.(2)(b). | ☐ Yes | ☑ No |
| The plan avoids a security interest or lien in accordance with Section 9. | ☐ Yes | ☑ No |

**2. PAYMENTS TO THE TRUSTEE:** The Debtor (or the Debtor's employer) shall pay to the Trustee the sum of $**4,265.00** per month for **60** months. If the plan payment structure is in the form of step payments, the payment structure is indicated below. Plan payments to the Trustee shall commence on or before 30 days after the Chapter 13 Petition is filed. The Debtor shall turn over such additional funds as required by law and/or any Court Order.

Step payments   $ _____

Minimum total of plan payments: $**255,900.00**

The Debtor intends to pay plan payments:
☐ TFS E-Wage
☐ TFS Recurring Automatic Payment
☐ Wage deduction from employer of:   ☐ Debtor
                                      ☐ Joint Debtor

Debtor's Pay Frequency:   ☐ Monthly   ☐ Semi-monthly (24 times per year)   ☑ Bi-weekly (26 times per year)   ☐ Weekly   ☐ Other

Joint Debtor's Pay Frequency:   ☑ Monthly   ☐ Semi-monthly (24 times per year)   ☐ Bi-weekly (26 times per year)   ☐ Weekly   ☐ Other

**3. PLAN LENGTH:** This plan is a **60** month plan.

**4. GENERAL PROVISIONS:**

a. As used herein, the term "Debtor" shall include both Debtors in a joint case.

b. Student loans are non-dischargeable unless determined in an adversary proceeding to constitute an undue hardship under 11 U.S.C. §523(a)(8).

c. The Trustee will make no disbursements to any creditor until an allowed proof of claim has been filed. In the case of a secured claim, the party filing the claim must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.

   d. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.

   e. All property shall remain property of the estate and shall vest in the Debtor only upon dismissal, discharge, conversion or other specific Order of the Court. The Debtor shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the Trustee.

   f. Secured creditors listed in Paragraphs 5(C)(2)(a) and 5(C)(2)(b), below, shall retain liens until the earlier of payment of the underlying debt determined by nonbankruptcy law or, if a Proof of Claim is filed, the entry of an order granting discharge. Secured claims extending beyond the length of the plan listed in Paragraphs 5(C)(3) and 5(C)(4), below, will not be discharged pursuant to 11 U.S.C. § 1328(a)(1).

   g. The debtor is prohibited from incurring any debts except such debts approved pursuant to the Court's directives or as necessary for medical or hospital care.

**5. DISBURSEMENTS TO BE MADE BY TRUSTEE:**

   **A. ADMINISTRATIVE EXPENSES:**
      (1) Estimated Trustee's Fee: **10**%
      (2) Attorney's Fee (unpaid portion): $**3,313.00** to be paid through plan in monthly payments

   **B. PRIORITY CLAIMS UNDER 11 U.S.C. § 507:**

      **(1) DOMESTIC SUPPORT OBLIGATIONS:**

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) of the holder(s) of any domestic support obligation are as follows:

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as secured claims. Any allowed claim for a domestic support obligation that remains payable to the original creditor shall be paid in full pursuant to the filed claim, unless limited by separate Court Order or filed Stipulation.

         ☐ Arrearage shall be paid through wage assignment, pursuant to previous Order entered by a non-bankruptcy Court.

         ☐ Arrearage shall be paid in full through the plan.

| Name | Estimated arrearage claim | Projected monthly arrearage payment in plan |
|---|---|---|
| **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and shall be paid as follows:

         Claimant and proposed treatment: _____

      **(2) OTHER PRIORITY CLAIMS:**

         (a) Pre-petition and/or post-petition priority tax claims shall be paid in full pursuant to the filed claim unless limited by separate Court Order or filed Stipulation.

| Name | Estimated Claim |
|---|---|
| **-NONE-** | |

         (b) All other holders of priority claims listed below shall be paid in full as follows:

| Name | Amount of Claim |
|---|---|
| **-NONE-** | |

   **C. SECURED CLAIMS:**

      **(1) PRE-CONFIRMATION ADEQUATE PROTECTION:** Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not be paid until the Creditor files a proof of claim, with proper proof of security attached.

| Name | Collateral Description | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Express Credit Auto** | **2018 Ford F-150 130,000 miles** | **$150.00** |

**(2) SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:**

**(a) SECURED CLAIMS NOT SUBJECT TO VALUATION:** Secured creditors with a purchase money security interest securing a debt either incurred within the 910-day period preceding the filing of the bankruptcy petition where the collateral is a motor vehicle acquired for personal use, or incurred within the 1-year period preceding the bankruptcy petition where the collateral is any other thing of value, shall be paid in full with interest at the rate stated below. The amount stated on an allowed proof of claim controls over any contrary amount listed below.

| Name | Collateral Description | Estimated Amount of Claim | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Express Credit Auto** | **2018 Ford F-150 130,000 miles** | $31,850.81 | Prorata | 8.00 % |

**(b) SECURED CLAIMS SUBJECT TO VALUATION:** All other secured creditors, except secured tax creditors, shall be paid the proposed secured value with interest in the amounts stated below. To the extent the proposed secured value exceeds the secured claim, only the claim amount, plus interest shall be paid. Secured tax claims shall be paid as filed unless limited by separate Court Order.
NOTE: The valuation of real estate requires the filing of a motion to determine value and the entry of a separate Court Order before any proposed secured value of real estate stated below may be approved.

| Name | Collateral Description | Proposed Secured Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Metro Tech Electric** | **12200 SE 157th Street Oklahoma City, OK 73165 Cleveland County Lot Twenty-One (21), of SECTION 3, THE OASIS, a Subdivision to Cleveland County, Oklahoma, according to the recorded plat thereof** | $9,191.33 | Prorata | 0.00 % |
| **Oklahoma Tax Commission** | **12200 SE 157th Street Oklahoma City, OK 73165 Cleveland County Lot Twenty-One (21), of SECTION 3, THE OASIS, a Subdivision to Cleveland County, Oklahoma, according to the recorded plat thereof** | $914.86 | Prorata | 20.00 % |

**(3) DEBTS SECURED BY PRINCIPAL RESIDENCE WHICH WILL EXTEND BEYOND THE LENGTH OF THE PLAN (LONG-TERM DEBTS):**

| Name | Collateral Description | *Monthly Ongoing Pymt | 1st Post-petition Payment | *Estimated Amt of Arrearage | Interest on Arrearage |
|---|---|---|---|---|---|
| **21st Mortgage Co.** | **12200 SE 157th Street Oklahoma City, OK 73165 Cleveland County Lot Twenty-One (21), of SECTION 3, THE OASIS, a Subdivision to Cleveland County, Oklahoma, according to the recorded plat thereof** | $2,633.20 | $2,633.20 | $13,844.72 | 10.57 % |

*The "1st post-petition payment" is the monthly ongoing mortgage payment which comes due between the petition date and the due date of the first plan payment. The arrearage amounts, monthly ongoing payment, and 1st post-petition payment are estimated and will be paid according to the amount stated on the claim unless objected to and limited by separate Court Order. The interest rate to be paid on the arrearage and the 1st post-petition payment is reflected above.

**(4) OTHER SECURED DEBTS WHICH WILL EXTEND BEYOND THE LENGTH OF THE PLAN (LONG-TERM DEBTS):**

| Name | Collateral Description | *Monthly Ongoing Pymt | 1st Post-petition Payment | *Estimated Amt of Arrearage | Interest on Arrearage |
|---|---|---|---|---|---|
| **-NONE-** | | | | | % |

*The "1st post-petition payment" is the monthly ongoing payment which comes due between the petition date and the due date of the first plan payment. The arrearage amounts, monthly ongoing payment, and 1st post-petition payment are estimated and will be paid according to the amount stated on the claim unless objected to and limited by separate Court Order. The interest rate to be paid on the arrearage and the 1st post-petition payment is reflected above.

**D. UNSECURED CLAIMS:**

(1) Special Nonpriority Unsecured claims shall be paid in full plus interest at the rate stated below, as follows: ☐

| Name | Amount of Claim | Interest Rate |
|---|---|---|
| **-NONE-** | | % |

(2) General Nonpriority Unsecured: Other unsecured creditors shall be paid pro-rata approximately **1.00** percent, unless the plan guarantees a set dividend as follows:

Guaranteed dividend to non-priority unsecured creditors: **$1,082.32**

**6. DIRECT PAYMENTS BY DEBTOR:** The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Collateral Description if Applicable |
|---|---|---|---|
| **-NONE-** | | | |

NOTE: Direct payment will be allowed only if the debtor is current on the obligation, the last payment on the obligation comes due after the last payment under this plan, and no unfair preference is created by the direct payment.

**7. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** The plan rejects all executory contracts and unexpired leases, except as follows:

| Name | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

**8. SURRENDERED PROPERTY:** The following property is to be surrendered to the secured creditor, with a deficiency allowed, unless specified otherwise. The Debtor requests the automatic stay be terminated as to the surrendered collateral upon entry of Order Confirming Plan or other Order of the Court.

| Name | Amount of Claim | Collateral Description |
|---|---|---|
| **-NONE-** | | |

**9. LIEN AVOIDANCE:** No lien will be avoided by the confirmation of this plan. Liens may be avoided only by separate Court Order, upon proper Motion including reasonable notice and opportunity for hearing.

Liens Debtor intends to avoid:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

**10. NONSTANDARD PLAN PROVISIONS:** Any nonstandard provision placed elsewhere in this plan is void.

☐ By checking this box certification is made by the Debtor, if not represented by an attorney, or the Attorney for Debtor, that the plan contains no nonstandard provision other than those set out in this paragraph.

| Date | **January 22, 2025** | Signature | /s/ Jason L. Williams |
|---|---|---|---|
| | | | Debtor |
| | | | Printed Name: **Jason L Williams** |
| Date | **January 22, 2025** | Signature | /s/ Kendra G. Williams |
| | | | Joint Debtor |
| | | | Printed Name: **Kendra G Williams** |

Local Form 3015-1                                                                                                              Rev. 09/01/2024

/s/ Ryan P. DeArman
_____
**Ryan P. DeArman 18691**
**1901 N. Moore Ave., Suite 14**
**Moore, OK 73160**
**(405)501-7640**
**(405)578-4336**
**rdearman@cox.net**
Counsel for Debtor(s)

**CERTIFICATE OF SERVICE**

☐ A separate certificate of service will be filed in the record.

☑ This is to certify that on **January 22, 2025**, a true and correct copy of the foregoing Chapter 13 Plan was mailed by U.S. Mail, postage prepaid, to the parties listed on the attached matrix.

/s/ Ryan P. DeArman
**Ryan P. DeArman 18691**

```
21ST MORTGAGE CO.
620 MARKET ST
KNOXVILLE TN 37902


AIDVANTAGE
P.O. BOX 9635
WILKES BARRE PA 18773


ALL STATE
1501 N PLANO RD SUITE 100
RICHARDSON TX 75081


CAC FINANCIAL CORP.
2601 NW EXPRESSWAY, SUITE 1000E
OKLAHOMA CITY OK 73112


CHARTER LOAN SERVICE
302 S. BROADWAY
MOORE OK 73160


COX COMMUNICATIONS
1400 LAKE HEARN DRIVE
ATLANTA GA 30319


CREDENCE
P.O. BOX 2254
SOUTHGATE MI 48195


CREDIT CONTROL
P.O. BOX 100
HAZELWOOD MO 63042


DNF ASSOCIATES
2351 NORTH FOREST ROAD, SUITE 110
GETZVILLE NY 14068
```

EMERGENCY PHYSICIANS OF MIDWEST CITY
700 NE 13TH ST.
OKLAHOMA CITY OK 73104


EXPRESS CREDIT AUTO
4810 NW 39TH ST.
OKLAHOMA CITY OK 73122-2000


FIRST PREMIER BANK
P.O. BOX 5519
SIOUX FALLS SD 57117


FORTIVA
5 CONCOURSE PARKWAY
ATLANTA GA 30328


IPLUMB CO., LLC
5913 GLEN DEAN CIR.
OKLAHOMA CITY OK 73119


JEFFERSON CAPITAL SYSTEM
16 MCCLELAND RD.
SAINT CLOUD MN 56303


LVNV FUNDING
P.O. BOX 1269
GREENVILLE SC 29602


MARK AND TAMMY WYATT
201 SE 29TH ST.
MOORE OK 73160


METRO TECH ELECTRIC
P.O. BOX 270306
OKLAHOMA CITY OK 73137

```
MOHELA
633 SPIRIT DRIVE
CHESTERFIELD MO 63005



OKLAHOMA MOTOR CREDIT
6450 TINKER DIAGONAL
OKLAHOMA CITY OK 73110



OKLAHOMA TAX COMMISSION
100 N. BROADWAY AVE., SUITE 1500
OKLAHOMA CITY OK 73102



OPENSKY
PO BOX 660924
DALLAS TX 75266



PARAMOUNT RECOVERY SYSTEMS
7524 BOSQUE BLVD. SUITE L
WACO TX 76712



ROBINSON, HOOVER & FUDGE
119 N. ROBINSON, SUITE 1000
OKLAHOMA CITY OK 73102



SJS EBENEZER
4709 CREEK COURT
OKLAHOMA CITY OK 73135



SOUTHERN LOANS
2404 SW 59TH ST.
OKLAHOMA CITY OK 73119



T-MOBILE
T-MOBILE BANKRUPTCY TEAM
PO BOX 53410
BELLEVUE WA 98015
```

```
THOUSAND HILLS PROPERTIES
201 SE 29TH ST.
MOORE OK 73160


TRANSWORLD SYSTEMS, INC.
500 VIRGINIA DRIVE, SUITE 514
FORT WASHINGTON PA 19034


ZUHDI & FLYNN, PLLC
13825 QUAIL POINTE DRIVE
OKLAHOMA CITY OK 73134-5000
```